No. 15.—ALEX. M. K. SWIFT, plaintiff in error,  *vs.*  GEORGE P. SWIFT, executor, &c. defendant.

[1.] Asa Swift died in Massachusetts, testate; George P. Swift qualified in that State as executor to the will.   Among the debts due to the testator, was an open account by his son, Alexander M. K. Swift, who resided in Georgia.   At the request of the executor, this claim was liquidated by note.   Geo. P. Swift subsequently removed to Georgia, and sued on the note. The defendant filed his bill, alleging the foregoing facts, and charging that the executor had received a large estate in Massachusetts; that the debts were all paid, and a considerable portion distributed to the other legatees, and praying that an account might be taken, and that if any thing was coming to him under the will of his father, that it might be allowed as a credit on his note, and that the action thereon in the meantime, be enjoined, &c. *Held,* that there was equity in the bill, and that where suit was brought under the Act of 1850, by a non-resident executor on a cause of action in this State accruing to the testator in his

Swift *vs.* Swift.

lifetime, that the defendant was entitled to the same rights of defence as if the action had been instituted under local letters granted in Georgia.

[2.] Where an injunction has been obtained on the filing of a bill, it is a general rule that on the coming in of an answer denying all the equity of the bill, the injunction will be dissolved.

[3.] The continuance or dissolution of an injunction, after the coming in of an answer, depends upon the sound discretion of the Court, according to the nature and circumstances of the case.

[4.] If the answer is not full and satisfactory as to any one of the grounds of equity set up in the bill, or is deficient in frankness, candor or precision, or is illusory, the injunction will be continued till the hearing.

[5.] The defendant's ignorance is no excuse for not answering a material allegation in the bill, where the information is within his reach or control. It is his duty to procure and disclose it in his answer.

In Equity, in Crawford Superior Court. Tried before Judge POWERS. September Term, 1852.

In January, 1847, Asa Swift, a citizen of the State of Massachusetts, departed this life, leaving a last will and testament, in which last will he appointed, among others, his son George P. Swift, executor, and who alone was qualified. The will was admitted to probate, in the State of Massachusetts, and George P. Swift proceeded to collect and administer the estate of the said Asa Swift. Among the debts due the testator, was an open account against his son, Alexander M. K. Swift. At the request of the executor, Alexander M. K. liquidated said account, by giving his note on the 15th day of September, 1847, to the executor, for the sum of $2,431.82, with interest from the 1st day of January, 1844, the time when the account became due.

Subsequently, George P. Swift removed to the State of Georgia, and commenced an action on said note, in Crawford Superior Court, returnable to August Term, 1851.

Alexander M. K. Swift filed his bill, alleging the foregoing facts.

The bill also charges, that the note given in liquidation of the account, was given in ignorance of the law disallowing interest on open accounts. That the executor had received

into his hands a large estate in the State of Massachusetts, and that he had made distribution of a large portion of said estate to the legatees and distributees under the will.   To the bill was attached an exemplification, from the records of the Probate Court of Massachusetts, containing the inventory of said estate, returns of the executor, &c. &c.

The bill prayed that an account might be taken between complainant, as legatee, and the defendant, as executor, and that if anything be found due him as legatee, it may be allowed him as a credit on the note, and that the action on the note be enjoined, &c.

In his answer to the bill, the defendant charges that the account on complainant was for notes, drafts, and accounts, paid by his testator for complainant, and that the note was given bearing interest in pursuance of an express agreement between complainant and defendant's testator to that effect.

He admits and charges, that there is one suit pending in Massachusetts against the estate, and further says, "that there are other evidences of debt and claims against the estate, that he will be bound to pay—the amount of which he is unable to state," &c. &c.

Upon the coming in of the answer, counsel for the defendant moved the Court to dissolve the injunction, on the grounds:

1st. Because there is no equity in the bill.

2d. Because the defendant's answer fully traverses and denies the equity, if any, contained in the bill.

The Court sustained the motion, and ordered the injunction to be dissolved and the Common Law action to proceed, and this decision is brought up for review.

Geo. R. Hunter, for plaintiff in error.

Cook & Montfort, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] We do not find it necessary to discuss in this case,

some of the most interesting and delicate questions in the books, growing out of a conflict of law as to the construction of wills, the payment of debts, and the distribution of property, real and personal, where the ancestor dies in one State and holds property in another. Here there is a testacy, and the complainant predicates his bill upon the will of his father, made in Massachusetts; and seeks his rights under and by virtue of that will, and not against or contrary to it.

The bill reflects credit upon the pleader. It is evidently framed with a clear and intelligent perception of the emergencies of the case. And we have no doubt but that there is equity in the bill.

The mere fact that the debtor to an estate is a distributee or legatee thereof, does not constitute of itself, a ground of Chancery jurisdiction, with a view of having the one demand set-off against the other. To arrest the ordinary course of administration, there must be special circumstances. And such we hold exist here.

The *chose in action*, viz: the debt due by the complainant to the estate of his father, is assets in a foreign jurisdiction, which, but for the Act of 1850, could only be reached through an auxiliary administration, taken out in this State. And in that event, there can be no question but that this bill would lie at the instance of the legatee. He would be protected from the payment of his debt, to the local representative, provided it was not needed to pay debts, but was sought to be collected for the purpose of distribution only. *A fortiori*, may he claim the interposition of a Court of Chancery under the facts of this case. If we turn him away, what remedy has he? He cannot go to Massachusetts to sue, for the executor has removed to Georgia. And he cannot maintain an original action against the executor in this State, for he is not suable here in his trust character, but only in the Courts of the country where he obtained administration. We see no possible objection to the proceeding.

Aware that the other legatees are equally entitled with himself, to their *pro rata* share of the effects here, the bill

charges not only that the debts are all paid, but that the other legatees have been already advanced far beyond the complainant, and that the executor has in his hands funds sufficient in the State where they reside, and where he qualified, to satisfy them in full, and that it will require the whole of his note to make him equal to the other heirs. He takes upon himself, therefore, necessarily, the burden of making out a *prima facie* case at least. And this he does by the production of the inventory and returns of the executor, as an appendage to his bill.

To retain this bill under these circumstances, does not disturb the well settled doctrine of the law, that the representative cannot be held liable to account for the effects of his decedent, lying in a foreign jurisdiction. For should it turn out, upon the investigation, that after absorbing the note, there is still a balance in the hands of the executor, on account of his general administration in Massachusetts, coming to the complainant, then there can be no decree in his favor, we apprehend, for such balance. For that would be to draw the foreign administration within our jurisdiction, and that too, beyond what was demanded by the necessity of the case.

But to the extent of the note here, to intervene for the benefit of the legatee as to that, is only to apply the familiar rule of the law in the common case of assets in a foreign country. The local tribunals will hold on to them until an equitable arrangement can be made, so far as the rights of creditors and heirs are concerned, within the jurisdiction where the assets are situated.

The Act of 1850, gives to foreign executors, administrators, and guardians, the right to sue within our limits for any cause of action which had accrued to their testator, intestate, &c. in their lifetime, without incurring the inconvenience, expense and delay of taking out new letters here. *Cobb's New Dig.* 341. Yet we cannot suppose for a moment, that the Legislature intended by this liberal provision, to relieve the foreign representative from all the liability, restrictions and rights of defence which would have attached, had the action been

Swift *vs.* Swift.

brought under a local administration. The comity of States could exact no such self-sacrifice at the hands of our people.

[2.] Where an injunction has been obtained on the filing of a bill, it is a general rule that on the coming in of the answer denying all the equity of the bill, the injunction will be dissolved. *Hollister vs. Barkley*, 9 *N. Hamp. Rep.* 230. 1 *Johns. Ch. Rep.* 211. *Ib.* 444. *Poor vs. Carlton*, 3 *Sumner*, 70.

[3.] There are exceptions to this rule, however, and it is now well settled, that the continuance or dissolution of an injunction after the coming in of the answer, depends upon the sound discretion of the Court, according to the nature and circumstances of the case. 3 *P. Williams' Rep.* 255, *and cases cited in note.* 2 *Bro. Ch. Rep.* 88. 3 *Ib.* 463. 16 *Ves.* 49. 19 *Ib.* 149. 2 *Madd. Ch.* 366. 1 *Newland's Ch. Pr.* 227.

[4.] If the answer is not full and satisfactory, as to any one of the grounds of equity set up in the bill, or is apparently deficient in frankness, candor or precision, or is illusory, the injunction will be continued till the hearing. *Scull vs. Reeves*, 2 *Green's Ch. Rep.* 84. *Little vs. Marsh*, 2 *Iredell's Eq. Rep.* 18.

[5.] Now as to the matter of interest complained of in the bill, we think the answer full and satisfactory. But it is indeterminate and vague, as to the outstanding claim against the estate. That is one of the main points of contestation between the parties. It constitutes the principal allegation in the bill. Five years have elapsed since the death of Asa Swift, and since letters testamentary were granted upon his estate to the defendant. His information as to the situation of the estate, should be full and complete. And the facts as to its liabilities should be so stated as to enable the complainant to controvert them if it be in his power. This information is within the reach and control of the executor, and we think he is bound to procure and communicate it. We are disinclined to dissolve this injunction, until there can be a hearing and decree under the bill.

Swift *vs.* Swift.

Let the bill and answer, and other proofs be submitted, and a trial had ; and if it be found that taking into the computation the payments which have been made to the other legatees and the assets already in the hands of the executor, it will require the whole or any part of the note, to make the complainant equal to the other parties, let the set-off be made accordingly. If there be outstanding debts, of course the executor must be permitted to retain in his hands enough to discharge them, or otherwise adequate security must be decreed for his indemnity.

We have not thought it necessary to notice the fact that this bill is filed for a two-fold object. It seems that a Mrs. Wayman, a daughter of the testator, and a legatee under his will, has departed this life, in this State, since the death of her father ; and her brother, George P. Swift, is her executor also. Mrs. Wayman left no immediate family, but the *legatees* of her father are her *heirs* at law—the complainant, Alexander M. K. Swift, being one of them. And the complainant seeks to have his interest in her share of her father's estate allowed as a set-off against his note.

The bill is not demurred to for multifariousness, or this misjoinder of separate and distinct demands. The parties apparently acquiescing, would seem to prefer to have the whole matter litigated and adjusted together. Of course we can have no objection.

Judgment reversed.