No. 51.—CHARLES W. HORN, administrator, &c. plaintiff.in error, *vs.* FRANCIS THOMAS, administrator, &c. defendant in error.

[1.] Where the allegations which constitute the *gravamen* of the bill are answered vaguely and indefinitely, the injunction will not be dissolved.

[2.] Where, from the whole pleadings in the case, the Court is satisfied that all the facts which are necessary to a proper understanding and decision of the cause are not out, the injunction will be retained till the hearing.

Motion to dissolve injunction, in Dougherty Superior Court, decision by Judge PERKINS, December 1st, 1855.

Charles W. Horn, as administrator of Wm. L. Hampton, deceased, filed a bill against Francis Thomas, as administrator of John M. Hampton and Andrew Y. Hampton, charging as follows:

That on 12th January, 1849, Andrew Y. Hampton, as principal, and Wm. L. Hampton, as surety, made and delivered to F. Thomas, as administrator of John M. Hampton, fifty-four promissory notes, amounting to $1588 65, being

given for the purchase of property at the sale of said administrator; that subsequently, in November, 1854, Andrew Y. Hampton recovered of Thomas, as administrator, a decree for $2500, with interest from 1st April, 1841; that at no time did said administrator attempt to plead these notes as a set-off to this claim, but that there was a private understanding between these litigants, that the notes were not to be pressed till the termination of this case. When the decree was obtained, instead of paying off the same *pro tanto* with these notes, the said Thomas, as administrator, turned over to Andrew Y. Hampton a large amount of choses in action, in discharge of the decree, which arrangement complainant charged was a discharge of his intestate as surety. Among the assets turned over to pay this decree, was a note on Mrs. Ann Jane Hampton, now Mrs. Lunday, for $5.000; that Andrew Y. Hampton received from Robert Lunday, in part payment of this note, a *fi. fa.* in favor of Samuel Yopp against John M. Hampton, the intestate of Thomas, as principal, and James D. Hampton as security, dated June, 1848, for $1515, principal, with interest and cost, which judgment and *fi. fa.* Andrew Y. Hampton now controls against said estate; that it was the oldest lien and of the highest dignity against said estate; that the administrator has paid off other debts, of inferior dignity, to a greater amount than this judgment, and that this judgment is a good set-off against these notes; that the said Francis Thomas, in his individual right, in June, 1855, commenced suit against complainant as the administrator of Wm. L. Hampton, upon all of these notes, which suits were still pending; that Andrew Y. Hampton is now wholly and totally insolvent. The prayer was for an injunction and a set-off of the judgment against these notes, and a release of complainant's intestate as surety.

The answer of Francis Thomas admitted the taking of the notes and the decree recovered by Andrew Y. Hampton; also, the turning over of assets to pay the same, especially the note of Mrs. Ann Jane Hampton, but utterly denied that there was ever any agreement for indulgence or delay in

suing on the fifty-four notes. Defendant did not plead these notes as a set-off, because there was no mutuality in the debts; nor were these notes the property of the estate at the time of the rendition of the decree, defendant having paid off debts of the estate more than equal to this amount, and more than the assets which have come into his hands. Defendant denied paying debts of inferior dignity, but insisted the debts paid were for trust funds, and stood on a higher ground than the *fi. fa.* and judgment alluded to; others were costs and lawyer's fees, for defending the estate. Defendant insisted that Andrew Y. Hampton was not the owner of the *fi. fa.* but had transferred the same to one Sheftall, and that he was not aware of his insolvency when the Equity suit was pending.

On the coming in of this answer, on motion, the Court dissolved the injunction. This decision is assigned as error.

STROZIER & SLAUGHTER, for plaintiff.

LYON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Upon the whole, we are inclined to the opinion, and so adjudicate, that it is better that the injunction should be retained till the hearing.

The *gravamen* of the bill, is the mal-administration of the assets of John Hampton's estate, by Francis Thomas. The denial of this charge is not fully made by the answer. It was in the power of the defendant to have stated, more definitely, what debts were paid and the grade of each; what amount of the debts, and which inventoried as due the intestate, were lost and uncollectable by reason of sets-off, payment, &c. The answer is too vague, general and indefinite, in these and other respects.

If the judgment transferred by Lunday to Andrew Hampton, ought to have been satisfied out of the estate, in Equity as well as at Law, it is still due, and should be allowed to

set-off the notes sued on; for Andrew Hampton holds this demand through his sister, to whom it was owing, and who cannot be affected by the proceedings in the Equity cause between Andrew Hampton and Francis Thomas.

[2.] There are facts in this case which require explanation. No satisfactory reason is assigned why these notes were not collected sooner. Suppose they had, as it is argued, become the private property of Thomas, on account of his advances in behalf of the estate of his deceased brother, is that a good excuse why they were not retained out of the $5.000 turned over by Thomas to Hampton? According to the usual dealings and course of business between men, it is not. Why is it that Andrew Hampton took the judgment from his sister's husband against his brother John, in part payment of her note, which was the same as cash, if it was not understood by all the parties that the judgment was good? For what purpose did he take this judgment at all, if not to rebut against his notes?

The fact that the amount of this judgment was thus taken as cash by Andrew Hampton; that no effort was made to coerce its payment; that it corresponds, in size, with the notes upon which he is sued as principal, and the estate of his *dead* brother as security, is suggestive of doubts as to the *bona fides* of this proceeding, to say the least of it, and to create a strong suspicion that the whole of this case is not out. After waiting so patiently for *six* years, the creditor can hardly complain of a little longer delay; whereas, Andrew Hampton being insolvent, the dissolution of the injunction might work irreparable detriment to the security.

The position was assumed by Counsel for Horn, that admitting that Thomas had paid judgment debts of his intestate with his own money, he is not thereby subrogated to the dignity of the debts so discharged, but becomes a simple contract creditor only for the amount so discharged. Of necessity, this must be wrong; for in accounting with the administrator for his disbursement of the assets, you must, of

course, look to the grade of the debts which he has paid; and if he has complied with the Statute, as to priority of payments, he will be protected, of course.