RUSSELL, EXECUTOR, *vs.* HUBBARD.

COMPLAINT, FROM CITY COURT OF ATLANTA. Practice in Superior Court. Administrators and Executors. Comity. Set-off. Newly Discovered Evidence. (Before Judge Clarke.)

Hall, J.—1. The striking of pleas because filed after default, and the allowance of judgment by default, are matters addressed to the sound discretion of the court, and a refusal to strike pleas and enter judgment will not be overruled, unless it appear that the discretion of the court was grossly abused. 57 Ga., 25; 23d Rule of practice, Code, p. 1348.

(a) Where there has been an entry of an answer on the docket at the return term of the writ, the general issue shall be considered as filed, and that plea may be amended by filing others as a matter of right, without delay and without the payment of costs, except such as the court, in his discretion, may compel the amending party to pay his

adversary, where there has been negligence in respect to the matter of amendment; and the court may further place upon him reasonable and equitable terms not touching the real merits of the cause in controversy.. Code, §§3458, 3482.

2. Where a suit was brought in this state by a foreign executor,. on a cause of action accruing to the testator in his lifetime, the defend-- ant could plead a set off as though the action had been instituted under letters of administration granted in this state; and the statutory requirements of the state of the administration as to the presentation and filing of claims against estates would not apply to such a defense. 13 Ga., 140; 5 Id., 357.

(a) There was no suggestion of insolvency, and therefore there was no reason for such a verdict or judgment as would have been proper if *plene administravit* or *plene administravit praeter* had been replied to the set-off. The verdict conforms to the pleadings. If the judgment does not conform to it, it may be amended; but no such point having been passed on below, it will not be determined here.

2. Newly discovered evidence which is merely cumulative, and which might have been procured before the trial by the exercise of proper diligence, furnishes no ground for a new trial.

Judgment affirmed.

R. B. Barnes, for plaintiff in error.

Mynatt & Howell, for defendant.