THE AMBURSEN HYDRAULIC CONSTRUCTION COMPANY,

*vs.*

EASTERN CEMENT GUN COMPANY and CHARLES WARNER.

*New Castle, Oct.* 3, 1913.

In a suit to enjoin actions on notes, where, on motion for a preliminary injunction, it was shown without contradiction by the affidavits of defendant's officers that defendant did not have the possession or custody of such notes, but that they had been indorsed by it and were held by its indorsees, with no showing as to whom the indorsement was made, the preliminary injunction will be denied, since the court should not issue a futile order, and the allegation that the defendant had "indorsed" the notes had a technical meaning that it had parted with the ownership thereof.

208 Ambursen H. C. Co. vs. Eastern C. G. Co., et al.

Syllabus:—Opinion.

A preliminary injunction will not be dissolved, if either of the affidavits or the answer do not deny the material allegations of the bill, if there be a lack of frankness in the answer, or for any reason it be not full and satisfactory, so that the court is satisfied that it has before it all the necessary facts.

On a motion to dissolve an injunction after answer filed, the answer is properly treated as a mere affidavit, and may be sufficient for that purpose, though insufficient as an answer.

Bill to Set Aside an Agreement.   The bill is filed primarily to set aside, on account of fraud, an agreement whereby the complainant subscribed for stock of the defendant company, to obtain a return and cancellation of certain promissory notes given by the complainant pursuant to the agreement and to enforce re-payment of part of the money paid for the stock.   Incidentally, the bill seeks to permanently enjoin suit on the subscription agreement and the notes, and a preliminary injunction is sought for like purpose pending the hearing and determination of the cause.

At the return of a rule to show cause why a preliminary injunction should not issue, the matter was heard upon bill, affidavits and exhibits.

*Saulsbury* and *Morris*, for the complainant.
*Marvel, Marvel* and *Wolcott*, for the defendants.

The Chancellor.   It is alleged in the bill (which is sworn to) that suit on the note due July 25, 1913, had been threatened by the defendant company, to whom it was given. A rule for a preliminary injunction to restrain suit by the defendant company was heard on the bill and *ex parte* affidavits.   The fraud is denied, also the intention on the part of the defendant company to sue on the notes.   The affidavits of two officers of the company to whom the notes were given, were, as to the possession of the notes, as follows:

"The promissory note or notes of the said complainant referred to in the bill of complaint heretofore filed in the above stated cause are no longer in the possession, custody or control of the said Eastern Cement Gun Company, or its officers, agents or attorneys, as such officers, agents or

attorneys; that the said promissory note or notes prior to the institution of the above named suit had been duly indorsed by said Eastern Cement Gun Company and are now held by the indorsees of said company; that the said Eastern Cement Gun Company either by itself or any of its officers, agents or attorneys is not now contemplating suit against the said complainant or proceedings at law or in equity of any kind against the said complainant under the subscription agreement, or the said promissory note or notes mentioned and referred to in the said bill of complaint that as to the said promissory note or notes, by reason of the indorsement and transfer aforesaid, it is not now nor has it been since the filing of the said bill in the right or power of said Eastern Cement Gun Company to commence proceedings thereupon at law or in equity against said complainant."

The right of the complainant to the preliminary injunction to restrain suit on the notes depends upon the possession and control of the notes by the defendant. If the defendant has indorsed the notes so that they are not the property of the defendant, then the court should not issue a futile order. It is alleged distinctly in the affidavit that the company has indorsed the notes. This has a technical meaning, viz., parted with the ownership thereof. It may be true that the company must be more full, frank and clear in its answer. But the allegations of the fact of an indorsement and that the notes are not in the custody, possession, or control of the company are sufficient without showing to whom the indorsement was made.

Several cases were cited to show that a preliminary injunction will not be dissolved if either the affidavits or the answer do not deny the material allegations of the bill; or if there be apparently a lack of frankness in the answer; or if it be evasive; or if for any reason it be not full and satisfactory, so that the court is satisfied that it has before it all the necessary facts. These cases are *Solomon v. Clagett*, 3 *Bland's Ch. Rep.* 106, 125, 132; *Pyecroft v. Pyecroft*, 2 *Sm. & G.* 326, 65 *Eng. Reprint*, 421; *Brown v. Fuller*, 13 *N. J. Eq.* 271; *Scull v. Reeves*, 3 *N. J. Eq.* 84, 29 *Am. Dec.* 694; *Forney v. Calhoun*, 84 *Ala.* 215, 4 *South.* 153; *Kinney v. Ensminger*, 87 *Ala.* 340, 6 *South.* 72; *Cross v. Duckers*, 27 *L. T.* 816; *Sinnett v. Moles, et al.*, 38 *Iowa* 25, 29; *Swift v. Swift*, 13 *Ga.* 140, 145; *Lee v. Vaughan*, 2 *Ky.* (*Ky.*

*Dec.*) 238; *Horn v. Thomas*, 19 *Ga.* 270; *U. S. v. Parrott*, 1 *McAllister* 271; *Fed. Cas. No.* 15,998.

These are sound principles. But the existence of a preliminary injunction pre-supposes a presentation of facts supporting the bill which are not overcome by the proofs on the part of the defendant. Therefore, it is right to require a full, frank and explicit denial in the answer, or by affidavits, in order to dissolve the preliminary injunction subsequently. It is quite another thing to say that a preliminary injunction should be awarded in the face of an explicit denial of that fact upon which the right exists. A defendant being under a preliminary injunction, presumably granted properly, who answers the bill evasively and then seeks to lift the injunction by the use of this insufficient answer, will be told by the court that he cannot make the answer do in advance of the final hearing something which it could not at the final hearing, viz., serve as a defense to the injunctive relief sought.

On a motion to dissolve an injunction after answer filed the answer is properly treated as a mere affidavit. It may be sufficient for this purpose, though it be insufficient as an answer to the bill generally. *Marvel v. Ortlip*, 3 *Del. Ch.* 9, 17. While an answer may in such cases be treated as an affidavit, the converse is not true, that an affidavit is to be treated as an answer, especially in relation to this preliminary inquiry, where the full equities of the bill are not fully and finally determined, but only a partial investigation made to ascertain such fundamental facts as are sufficient to show the right to the preliminary injunctive relief.

If, therefore, the bill attacks the validity of a promissory note on the ground of fraud practiced by the payee towards the maker and asks temporary injunctive relief against a suit by the payee on the note, an uncontradicted affidavit which simply alleges that prior to the filing of the bill the note was indorsed and was not in the custody, possession or control of the payee, would be sufficient to defeat the right to the preliminary injunction.

The motion for a preliminary injunction is denied and the rule will be discharged.