THE LIONEL CORPORATION, a corporation of the State of New York,

*vs.*

PHIL KLEIN, trading as PHIL'S DISTRIBUTORS.
*New Castle, June 23, 1954.*

*Thomas Cooch,* of the firm of Connolly, Cooch & Bove, Wilmington, for plaintiff.

*David Snellenberg, II,* of the firm of Killoran & Van Brunt, Wilmington, for defendant.

BRAMHALL, Vice Chancellor: Plaintiff is engaged in the manufacture and sale of toy electric trains which it sells to distributors, wholesalers, and retailers under the brand or trade names of "Lionel" and "Lionel Trains", and in containers which bear plaintiff's name and said brand or trade names. The word "Lionel" is a registered trade-mark of plaintiff.

Plaintiff has entered into contracts known as "Retail Price Maintenance Agreements", or "Fair Trade Agreements" with many of the retail dealers who sell plaintiff's products in the State of Delaware. Plaintiff has also issued train catalogues and price lists showing the minimum resale prices for the products of plaintiff for retail sale in this state. Defendant is a merchant in the City of Wilmington and sells, among other articles, the product of plaintiff. Defendant is not, however, a party to any contract such as referred to above.

In plaintiff's complaint . defendant is charged with selling the products of plaintiff below the minimum fair trade price established by plaintiff. Defendant in his answer admits the sale of plaintiff's products below the minimum fair trade prices, but asserts that such sales were necessary to meet competition. Defendant also suggests a general breakdown in the Wilmington area of the minimum fair trade prices established for plaintiff's products. After argument plaintiff was granted a temporary injunction enjoining defendant from the sale of plaintiff's products for prices below the minimum fair trade prices established by plaintiff. Defendant has moved to dissolve this preliminary injunction on the ground that there has been a general deterioration of the resale price maintenance structure of the products of plaintiff and that by reason thereof the preliminary injunction

granted by this court would work substantial hardship on the defendant and afford no substantial benefit to plaintiff.

Plaintiff opposes the granting of the motion to dissolve the preliminary injunction on the grounds: (1) that a motion to dissolve a preliminary injunction will not be granted where the answer does not deny the basis for the injunction as stated in the complaint, but raises matters purporting to establish a "counter equity" by way of confession and avoidance; and, (2) that the affidavits filed are insufficient to show a "general deterioration" in plaintiff's resale price maintenance structure in the Wilmington area.

Does the answer of defendant deny the basis for the injunction as stated in the complaint or does it raise matters purported to establish a counter equity by way of confession and avoidance? In paragraph 8 of plaintiff's complaint it is alleged that defendant has sold and offered for sale and will continue to sell and offer for sale the products of plaintiff below the applicable minimum resale prices established by plaintiff. In the same numbered paragraph of the answer defendant admits that he has offered for sale and sold articles of plaintiff at prices below the fair trade prices established by plaintiff, averring that it was necessary for him to do so in order to meet the competition of other Wilmington retailers and competition generally in the United States. Defendant stated therein that he did not admit that the articles sold were in all particulars articles lawfully subject to minimum resale prices. However, the affidavits filed by defendant in support of his motion all relate to advertisements of merchants in the City of Wilmington and to specific sales of the products of plaintiff at less than the minimum resale price as established by plaintiff. There is no showing therein as to what articles sold were not in all particulars articles lawfully subject to the minimum resale prices.

The answer does not specifically deny the material allegations of the complaint. To warrant a dissolution upon the complaint and answer, the answer should deny the material allegations of the complaint with the same clearness and certainty with which they are charged. And for the purpose of such a motion, the answer is considered only in so far as it is responsive to the allegations of the complaint. New matter, therefore, not responsive to such allega-

tions, will not be considered on the hearing of a motion to dissolve. See *High on Injunctions, Vol. 2, Sec.* 1481, *p.* 1486. In this state this court has followed a similar rule. *Maclary v. Reznor*, 3 *Del.Ch.* 445; *Ambursen Hydraulic Construction Co. v. Eastern Cement Gun Co.*, 10 *Del.Ch.* 207, 88 *A.* 559, 560. In the *Ambursen* case this court said:

> "But the existence of a preliminary injunction presupposes a presentation of facts supporting the bill which are not overcome by the proofs on the part of the defendant. Therefore, it is right to require a full, frank and explicit denial in the answer, or by affidavits, in order to dissolve the preliminary injunction subsequently."

■ The defense set forth in defendant's answer consists of the alleged price cutting on the part of competitors of defendant and the general break-down of the fair trade prices on plaintiff's products. The defense set up in the affidavits is the same except that it relates largely to occurrences taking place after the date of the preliminary injunction. These are largely isolated instances occurring shortly after the granting of the preliminary injunction or prior to the filing of the motion to dissolve the preliminary injunction. It may be that there are instances in which, because of changed conditions or otherwise, a motion to dissolve a preliminary injunction should be granted even though there is no general denial in the answer of the averments in the complaint. However, where, as here, the general condition subsequent to the granting of the preliminary injunction is substantially the same as that which existed prior thereto and no unusual conditions have been called to this court's attention, the rule which provides that unless there is a denial in the answer to the averments of the complaint, a motion for the dissolution of a preliminary injunction should not be granted is applicable in this case.

Are the affidavits submitted by defendant sufficient to show a general deterioration of the plaintiff's resale price maintenance structure? Defendant has filed affidavits in support of his motion to dissolve, purporting to show the advertisement of plaintiff's products by competitors of defendant at a price less than the fair trade price

and also setting forth instances in which plaintiff's product was actually sold for less than the fair trade price. Generally speaking, the instances of which defendant complains occurred shortly after the granting of the preliminary injunction and shortly prior to the filing of the motion to dissolve. Assuming the truth of the averments set forth in these affidavits, it is questionable whether or not under the circumstances plaintiff had a reasonable opportunity to prevent their occurrence. Plaintiff has had little time within which to determine the correctness of the averments of these affidavits. Under these circumstances, particularly where the averments contained in the affidavit are only cumulative in effect to the averment in the answer and do not set forth any new matter or any change in condition, in the exercise of my discretion I would not desire, even if it should be proper, to determine this question without a hearing.

For the reasons above set forth, I conclude that the motion to vacate the preliminary injunction must be denied.

Order on notice in accordance with this opinion.